UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY JANE PIETSCH,                    :
                                      :
          Plaintiff,                  :    Civil Action No.:    09-0390 (RMU)
                                      :
     v.                               :    Re Document Nos.:   3, 7, 12
                                      :
MCKISSACK & MCKISSACK,                :
                                      :
          Defendant.                  :

**MEMORANDUM OPINION**

Granting the Plaintiff's Second Motion to Amend the Complaint; Denying As
Moot the Plaintiff's First Motion to Amend the Complaint; Denying Without
Prejudice the Defendant's Motion to Dismiss

**I. INTRODUCTION**

This matter comes before the court on the plaintiff's second motion to amend the complaint and the defendant's motion to dismiss. The plaintiff alleges that the defendant, an engineering firm retained as a contractor by the National Institutes of Health ("NIH"), negligently supervised and retained one of its employees, Doug Sedon, who worked in close proximity to the plaintiff and allegedly harassed her over a period of more than a year. The defendant filed a motion to dismiss, and in response, the plaintiff filed a motion to amend the complaint, which the defendant opposed on the grounds that the plaintiff had not alleged an underlying tort as the plaintiff's theory of recovery requires. Rather than filing a reply in support of her motion to amend the complaint, the plaintiff filed a second motion to amend the complaint, alleging that Sedon's actions constituted the underlying tort of intentional infliction of emotional distress ("IIED"). The defendant opposed the plaintiff's second motion to amend the complaint, arguing that amendment would be futile.

Because the court determines that the plaintiff's allegations suffice to make out a claim of negligent supervision and retention at this stage of the proceedings, the court grants the plaintiff's second motion to amend the complaint. As a result, the court denies as moot the plaintiff's first motion to amend the complaint and denies without prejudice the defendant's motion to dismiss the original complaint.

## II.  BACKGROUND

### A.  Factual Allegations[1]

The defendant employed the plaintiff from 2000 to 2006.  Proposed 2d Am. Compl. ¶ 6. From 2006 through 2008, the plaintiff worked for other contractors but continued to work in the same location, Trailer 30B at the NIH.  *Id.* ¶¶ 7-9, 13.  Sedon began working for the defendant in Trailer 30B in August 2003.  *Id.* ¶ 15.  At some point between 2003 and 2006, the plaintiff and Sedon had an intimate relationship, which the plaintiff ended in August 2006.  *Id.* ¶ 17. Following their breakup, Sedon began harassing the plaintiff.  *Id.* ¶ 18.

Sedon began sending harassing e-mails to the plaintiff in the summer of 2007.  *Id.* ¶ 19. When the plaintiff did not respond, Sedon became more aggressive, suggesting that the plaintiff "needed therapy and was sick and twisted."  *Id.* ¶ 23.  On numerous occasions, Sedon sent the plaintiff obscene e-mails and text messages, including messages containing sexually graphic pictures.  *Id.* ¶¶ 24-25.  Sedon made rude and humiliating comments about the plaintiff, publicly humiliated her, verbally assaulted her and stalked her at her residence.  *Id.* ¶¶ 28, 34-36.  In

---

[1] For the purposes of ruling on these motions, the court assumes that the plaintiff's allegations are true. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 673, 681 (D.C. Cir. 2009).

addition, Sedon once waved a utility knife in front of the plaintiff's face. *Id.* ¶ 37. In August 2008, Sedon sent the plaintiff several e-mails in which he stated he was still dreaming about her and in which he disparaged her recently deceased boyfriend. *Id.* ¶ 33. The harassment escalated to the point that the plaintiff sought a peace order[2] against Sedon. *Id.* ¶ 38.

Throughout the time that Sedon harassed the plaintiff, the plaintiff complained to Dan Cushing, the defendant's Executive Vice President and Sedon's immediate supervisor. *Id.* ¶ 29. Cushing responded to the plaintiff's complaints by stating variously that the plaintiff and Sedon would "have to get along," that the defendant's client liked Sedon and that Cushing would talk to Sedon about his behavior *Id.* ¶¶ 30-32.

On August 22, 2008, the plaintiff reported to Cushing several inappropriate acts that Sedon had committed the previous week. *Id.* ¶ 42, 46-49. Three days later, on August 25, 2008, Cushing told the plaintiff that she would be transferred to a different building to separate her from Sedon. *Id.* ¶ 50. The same day, the defendant placed Sedon on a two-week unpaid suspension. *Id.* ¶ 52.

### B. Procedural Background

The plaintiff originally commenced this action on January 14, 2009 in the Superior Court of the District of Columbia, alleging that the defendant had negligently supervised and retained Sedon. *See generally* Compl. On February 26, 2009, the defendant removed the case to this court. *See* Notice of Removal. On March 3, 2009, the defendant then filed a motion to dismiss. *See generally* Def.'s Mot. to Dismiss. In response, the plaintiff filed a motion to amend her

---

[2]   Under Maryland law, a peace order provides protection for individuals experiencing certain kinds of abuse, including assault, harassment and stalking. *See* MD. CTS. & JUD. PROC. CODE § 3-8A-19.1.

complaint on April 7, 2009, *see* Pl.'s Mot. to Amend, which the defendant opposed, *see* Def.'s Opp'n to Pl.'s Mot. to Amend.  Before the court issued a ruling on either pending motion, the plaintiff filed a second motion to amend her complaint on April 24, 2009, *see* Pl.'s 2d Mot. to Amend, which the defendant opposes as futile, *see* Def.'s Opp'n to Pl.'s 2d Mot. to Amend ("Def.'s Opp'n").  The court now turns to the applicable legal standard and the parties' arguments.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  FED. R. CIV. P. 15(a).  Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.  *Id*.; *Wiggins v. Dist. Cablevision, Inc*., 853 F. Supp. 484, 499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474.  According to decisions of this circuit, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss.  *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing FED. R. CIV. P. 15(a)).  If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.  6 FED. PRAC. & PROC. 2d § 1481.  Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15.  *James V. Hurson Assocs.*, 229 F.3d at 283;

*Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 FED. PRAC. 3d § 15.15[3]); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that the plaintiff would succeed on his claim).

### B. The Court Grants the Plaintiff's Second Motion to Amend the Complaint

In support of her second motion for leave to amend the complaint, the plaintiff emphasizes the lenient standard the court should employ when ruling on such a motion. Pl.'s 2d Mot. to Amend at 1. The plaintiff argues that none of the grounds for denial exists in this case. *See generally id.* Anticipating the defendant's argument that amendment would be futile, the plaintiff maintains that Sedon's behavior constituted IIED, the tort underlying her negligent supervision and retention claims. *See id.* at 1-2.

The defendant contests the plaintiff's assertion that her allegations are sufficient to withstand a motion to dismiss. *See generally* Def.'s Opp'n. Focusing on the underlying tort of IIED, the defendant argues that Sedon's conduct "could not plausibly amount to extreme or outrageous conduct." *Id.* at 3. The defendant urges the court to employ a heightened standard for outrageous conduct because this case took place in the employment context. *See id.* at 4. The defendant declares that "[e]mployer-employee conflicts generally do not, as a matter of law, rise to the level of outrageous conduct." *Id.* Attempting to illuminate the contours of its proposed heightened standard, the defendant cites a number of cases, mostly employment-related, in which courts have dismissed IIED claims. *See id.* at 5-7. Finally, in addition to contesting the plaintiff's allegations of extreme and outrageous conduct, the defendant argues that the plaintiff has not alleged emotional distress in sufficient detail. *See id.* at 7.

Under the law of the District of Columbia,[3] an employer must

> use reasonable care to select employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee. When an employer neglects this duty and as a result injury is occasioned to a third person, the employer may be liable even though the injury was brought about by the willful act of the employee beyond the scope of employment.

*Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 575 (D.C. 2007). To establish a negligent supervision or retention claim, a plaintiff must show that "the employer breached a duty to plaintiff to use reasonable care in the supervision or retention of an employee which proximately caused harm to plaintiff." *Phelan v. City of Mount Rainier*, 805 A.2d 930, 940 (D.C. 2002). In addition, the claim must be predicated on a "common law cause of action or duties otherwise imposed by common law." *Griffin*, 925 A.2d at 576.

In her proposed second amended complaint, the plaintiff alleges that the defendant acted negligently by failing to respond to the plaintiff's repeated complaints about Sedon's conduct, *see* Proposed 2d Am. Compl. ¶¶ 29-32, and that as a result, Sedon continued to torment her, *see id.* ¶¶ 72, 81. The plaintiff's claim is predicated on the underlying common law tort of IIED.

---

[3] Because the events giving rise to the plaintiff's claims took place in Maryland, Maryland law arguably governs the plaintiff's claims. *See* Proposed 2d Am. Compl. ¶¶ 1-2. Yet both parties' submissions rely on District of Columbia law. *See generally* Pl.'s 2d Mot. to Amend; Def.'s Opp'n to Pl.'s 2d Mot. to Amend; Def.'s Mot. to Dismiss; Pl.'s Opp'n to Def.'s Mot. to Dismiss. The standard for negligent supervision and retention under Maryland law is identical to that under District of Columbia law for purposes of ruling on the instant motions. *See Alexander v. Wash. Gas Light Co.*, 481 F. Supp. 2d 16, 41-42 (D.D.C. 2006) (observing that "[u]nder Maryland law, '[i]n order to establish a claim for negligent hiring or retention, a plaintiff must prove that the employer of the individual who committed the allegedly tortious act owed a duty to the plaintiff, that the employer breached that duty, that there was a causal relationship between the harm suffered and the breach of the employer's duty, and that the plaintiff suffered damages'") (citing *Penhollow v. Bd. of Comm'rs for Cecil County*, 695 A.2d 1268 (Md. Ct. Spec. App. 1997); *Cramer v. Hous. Opportunities Comm'n of Montgomery County*, 501 A.2d 35 (Md. 1985)). Therefore, the court need not resolve this discrepancy and will apply the law of the District of Columbia. *Cf. Phelan v. City of Mount Rainier*, 805 A.2d 930, 938 n.8 (D.C. 2002) (applying District of Columbia rather than Maryland law because the parties had relied on District of Columbia law and it was unnecessary, in light of the court's ruling, to resolve the conflict of law issue).

*See id.* ¶¶ 62-65.  In support of her allegation of IIED, the plaintiff catalogues a pattern of offensive behavior by Sedon beginning in June 2007 and extending through August 2008.[4]  *See generally* Proposed 2d Am. Compl.  The plaintiff avers that for more than a year, Sedon made sexually suggestive, demeaning and humiliating comments and sent the plaintiff harassing and obscene e-mails and text messages.  *Id.*  The plaintiff also maintains that Sedon's actions were intentional and that she suffered emotional and physical injury as a result thereof.  *See id.* ¶¶ 60, 64.

Given the plaintiff's detailed allegations regarding the defendant's failure to respond to her repeated complaints, along with her allegations regarding the emotional distress that Sedon's actions caused, the court concludes that the plaintiff has made out a claim of negligent supervision and retention at this stage of the proceedings.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (observing that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *cf. Khan v. Parsons Global Servs.*, 521 F.3d 421, 429 (D.C. Cir. 2008) (reversing the district court's dismissal and concluding that the plaintiff's allegations were sufficient to meet the criteria for IIED, although the plaintiff made only limited allegations regarding her emotional distress).  Accordingly,

---

[4]  Contrary to the defendant's contention, the alleged conduct did not take place within an employer-employee relationship.  *See* Proposed 2d Am. Compl. ¶¶ 7-9, 13, 15.  Rather, Sedon and the plaintiff worked in the same trailer for different contractors when the alleged conduct took place.  *Id.*

amendment would not be futile, and therefore the court grants the plaintiff's second motion to amend the complaint.[5]

### IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's second motion to amend the complaint, denies as moot the plaintiff's first motion to amend the complaint and denies without prejudice the defendant's motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of January, 2010.

                                                            RICARDO M. URBINA
                                                            United States District Judge

---

[5]  As a consequence, the court denies as moot the plaintiff's first motion to amend the complaint. In addition, because the amended complaint supersedes the original complaint, the court denies without prejudice the defendant's motion to dismiss the original complaint. *See Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003).